### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-cr-20272-ALTMAN

**UNITED STATES OF AMERICA**,

*v.*

**EDWARD CORDOVEZ**,

 *Defendant.*

_____/

### TRIAL ORDER

 The Court hereby sets this case for a **Criminal Jury Trial** at 400 N. Miami Avenue, Courtroom 12-4, Miami, Florida 33128, during the two-week period beginning **August 5, 2024**. A **Calendar Call** will be held at **1:30 p.m., on July 30, 2024**, at the same location. The deadline for the scheduling of guilty pleas is **July 30, 2024**. *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999) (citing *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)). The Defendant's appearance is required **at all hearings**.

 It is further **ORDERED** that:

1. All pre-trial motions and motions *in limine* must be filed by **July 16, 2024**. Each party is limited to one motion *in limine*. If there are multiple defendants, the defendant shall file one combined motion. Motions in *limine* may not, without leave of Court, exceed the page limits allowed by the Local Rules.

2. All requests for writs *ad testificandum* must be filed no later than 14 business days before the first day of the scheduled trial period.

3. All responses to the Standing Discovery Order or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal

Rules of Criminal Procedure may result in sanctions. Any notice submitted under Federal Rule of Evidence 404(b) shall include a specific factual basis for the evidence the Government wants to introduce.

4.  All motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion. Email communications are not sufficient to constitute conferral. Counsel must actually speak to one another, either in person or over the phone, in a good-faith effort to resolve their disputes.

5.  Counsel shall be prepared to conduct limited *voir dire* after the Court's questioning of the panel. At any time before the **Calendar Call**, each party may file **five** proposed *voir dire* questions for the Court to ask of the venire.

6.  Before the **Calendar Call**, the parties shall submit, in Word format, *via* e-mail to altman@flsd.uscourts.gov, a single set of proposed jury instructions, including substantive charges and defenses, and a verdict form. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form *jointly*. **Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. <u>Instructions proposed only by the Government shall be underlined</u>.** ***Instructions proposed solely by the defense shall be italicized***. Every instruction must be supported by citations to authority.

7.  Before the **Calendar Call**, counsel shall file lists of proposed witnesses and exhibits. All exhibits must be pre-labeled in accordance with the proposed exhibit list.

Government exhibits shall be designated numerically; defense exhibits will proceed alphabetically.

8.    If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with *all* counsel **before** the **Calendar Call**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

9.    The Government must turn over to defense counsel all Jencks Act[1] material by the day of the **Calendar Call**. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.

10.   Upon receipt of this Order, counsel for each defendant shall certify with the Court's courtroom deputy whether that defendant requires the aid of an interpreter. In addition, all parties must notify the Court, at least 24 hours before any hearings or trial, if an interpreter is required.

11.   At least **seven days** before the scheduled trial date, defense counsel must make arrangements with the Bureau of Prisons for appropriate clothing for their in-custody clients.

12.   The parties shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every 20 days hereafter until the time of trial or plea.

13.   Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to those motions. **FURTHERMORE, PURSUANT TO CM/ECF ADMINISTRATIVE PROCEDURES,**

---

[1] 18 U.S.C. § 3500.

**PROPOSED ORDERS SHALL BE SUBMITTED TO THE COURT BY E-MAIL IN WORD FORMAT TO** altman@flsd.uscourts.gov.

**DONE AND ORDERED** in the Southern District of Florida on July 10, 2024.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

4