UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20272-Cr-ALTMAN

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

EDWARD CORDOVEZ,

   Defendant

_____/

**SENTENCING MEMORANUM**

   This sentencing memorandum is submitted on behalf of Edward Cordovez, who respectfully requests a downward variance in his sentencing pursuant to 18 U.S.C. 3553. Mr. Cordovez argues that a sentence of life imprisonment is unreasonably harsh given (1) his exemplary history in the community, (2) lack of prior criminal record, (3) the significant impact of his psychiatric conditions including Attention Deficit Hyperactivity Disorder (ADHD)[1] and Pedophilic Disorder[2] on his actions, (4) the need to avoid unwarranted sentencing disparities and (5) the proportionality of the sentence. He respectfully requests that the court consider a sentence of 20 years that is sufficient under the circumstances.

---

[1] ADHD is a neurodevelopmental disorder that affects millions of children and adults. It is characterized by a persistent pattern of inattention, hyperactivity, and/or impulsivity that interferes with functioning or development.  American Psychiatric Association (2013) Diagnostic and Statistical Manual of Mental Disorders (5th ed.) https://www.psychiatry.org/psychiatrists/practice/dsm.

[2] Pedophilic Disorder is a psychiatric condition characterized by recurrent, intense sexual fantasies, urges, or behaviors involving sexual activity with children. It is a serious mental health condition that can have devastating consequences for the individual with the disorder.  American Psychiatric Association (2013) Diagnostic and Statistical Manual of Mental Disorders (5th ed.) https://psychiatry.org/psychiatrists/practice/dsm.

1. **Exemplary History in the Community**

Mr. Cordovez has been a dedicated member of his community, organizing charitable events, supporting health and wellness initiatives, and providing assistance to those in need.[3] His contributions to the community demonstrate his commitment to positive social values and his potential for rehabilitation. The court should consider these factors as they align with the statutory mandate to impose a sentence that reflects the history and characteristics of the defendant.

2. **Lack of Prior Criminal Record**

Mr. Cordovez has no prior criminal record, which is a significant mitigating factor. The absence of a criminal history indicates that his involvement in the current offense is an aberration rather than a pattern of criminal behavior. *United States v. Ross,* 72 F.4th 40 (4th Cir. 2023).  Courts have recognized that a defendant's lack of criminal history, even though already taken into account in calculating the advisory guidelines range, can nevertheless form the basis for a variance. *United States v. Chase*, 560 F.3d 828 (th Cir. 2009); *United States v. Jackson*, 569 F. Supp. 3d 760 (N.D.Ind. 2021).  This factor supports the argument for a downward variance in Mr. Cordovez's sentencing. *United States v. Hummingbird*, 743 F.3d 636 (8th Cir. 2014); *United States v. Figueroa*, 2018 U.S. App. LEXIS 26223 (6th Cir. 2018).

---

[3] See, letters from family and friends filed separately.

3. **Impact of Psychiatric Conditions on Mr. Cordovez's Actions**

Under 18 U.S.C. 3553(a), courts are required to consider the history and characteristics defendant, including the connection between mental disabilities and criminal conduct. This statute permits the court to take into account Mr. Cordovez's ADHD and Pedophilic Disorder when determining an appropriate sentence. The Sixth Circuit has recognized that while a district court should consider a defendant's mental illness in the sentencing context, it is not required to grant a downward variance solely based on the presence of such an illness *United States v. Owen*, 940 F.3d 308 (6th Cir. 2019); *United States v. Moore*, 2023 U.S. App. LEXIS 30406 (6th Cir. 2023).

In *United States v. Hunter,* the court acknowledged that potential problematic future behavior linked to a mental disability cannot alone justify an upward departure but can be considered as a factor in sentencing, including motions for a downward variance. *United States v. Hunter, 842 Fed. Appx. 999* (6th Cir. 2021). This principle is relevant to Mr. Cordovez's case, as his ADHD and pedophilic disorder have significantly influenced his behavior and criminal conduct. The psychological evaluation[4] supports this by indicating that Mr. Cordovez's conditions contributed to his addiction to pornography and subsequent involvement in child pornography.

Moreover, the evaluation recommended that Mr. Cordovez participate in sex offender rehabilitation groups and receive weekly individual counseling sessions focusing on various aspects of his mental health and behavior. Research has shown a significant reduction in sexual reoffending for individuals who complete such rehabilitation programs, suggesting that Mr. Cordovez has a substantial potential for rehabilitation. *Id.* The court should

---

[4] Psychological Evaluation of Edward Cordovez by Dr. Michael Brannon has been filed separately under seal.

consider these recommendations and the potential for effective treatment as mitigating factors in determining Mr. Cordovez's sentence.

Additionally, the Sixth Circuit has held that sentences must be both procedurally and substantively reasonable, and the court generally reviews a sentence's reasonableness for abuse of discretion *United States v. Davis*, 2021 U.S. App. LEXIS 32396 (6th Cir. 2021); *United States v. Wimberly*, 2024 U.S. App. LEXIS 4267 (6th Cir. 2021). In this context, the court should ensure that it does not engage in unreasonable speculation and should base its sentencing decision on the evidence presented, including the psychological evaluation and recommendations for Mr. Cordovez's treatment.

In the instant case, while the court is not obligated to grant a downward variance solely based on Mr. Cordovez's mental health conditions, it should give due consideration to how his ADHD and pedophilic disorder have influenced his actions. The potential for rehabilitation through recommended treatment programs further supports the argument for considering these conditions as mitigating factors in determining an appropriate sentence for Mr. Cordovez.

4. **Avoiding Unwarranted Sentence Disparities**

The need to avoid unwarranted sentence disparities among defendants with similar records is also a crucial consideration. *United States v. Jaber,* 728 Fed. Appx. 913 (11th Cir. 2018); *United States v. Smith,* 2009 U.S. Dist. LEXIS 7462 (N.D.Ohio, E.Div. 2009). Pursuant to 18 U.S.C. 3553(a)(6), the Court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *United States v. Johnson,* 291 Fed. Appx. 920 (10th Cir. 2008); *United States v. Zaler,* 405 Fed. Appx. 301 (10th Cir. 2010). The Judicial Sentencing Information

(JSIN) platform provides sentencing data for defendants sentenced under the same primary guideline, with the same Final Offense Level and Criminal History category. During the last five fiscal years, the average length of imprisonment for defendants with similar offenses and criminal history as Cordovez was 320 months (26 years) and the median length was 300 months (25 years). PSR at paragraph 118. *United States v. Tellier,* 2022 U.S. Dist. LEXIS 84489 (S.D.NY, 2022); *United States v. Freeman*, 2023 U.S. Dist. LEXIS 180166 (E.D.N.Y. 2023). A sentence of life imprisonment for Mr. Cordovez would create a disparity when compared to other defendants with similar backgrounds and offenses. A 20-year sentence would be more consistent with sentences imposed in similar cases, thereby promoting fairness and uniformity in sentencing.

5. **Proportionality of the Sentence**

The principle of proportionality requires that the severity of the sentence be commensurate with the gravity of the offense. *United States vs. Tanner*, 888 F.2d 1392 (6th Cir. 1989); *United States v. Dumas*, 921 F.2d 650 (6th Cir. 1990). Even when a life sentence is imposed, courts have only been willing to set it aside if it is grossly disproportionate to the crime committed. *§ 304. Lengthy sentences,* 1 Fourth Circuit Criminal Handbook, Section 304. In this case, a life sentence for Mr. Cordovez, given his lack of prior criminal record, the mitigating factors related to his psychiatric conditions, and the unwarranted sentencing disparity would be excessively harsh. A 20-year sentence would adequately reflect the seriousness of the offense while allowing for the possibility of rehabilitation and reintegration into society.

In conclusion, Mr. Cordovez respectfully requests that the court consider a downward variance in his sentencing. A sentence of 20 years is sufficient to achieve the goals of sentencing, including punishment, deterrence, and protection of the public, while also

taking into account Mr. Cordovez's exemplary history in the community, lack of prior criminal record, and the significant impact of his psychiatric conditions on his actions.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By:   /s/ Daniel L. Ecarius
       Daniel L. Ecarius
       Assistant Federal Public Defender
       Florida Bar No. 719765
       150 W. Flagler Street,
       Suite 1700 Miami, FL 33l30-7000
       Email: daniel_ecarius@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on July 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel L. Ecarius*
Daniel L. Ecarius