**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20272-CR-ALTMAN**

UNITED STATES OF AMERICA

v.

EDWARD CORDOVEZ,

    **Defendant.**

_____/

**THE UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM**

    This case involves crimes that words cannot adequately describe. Adjectives like "vile," "grotesque," "horrific," and "evil" come to mind, but they fall short of illustrating the harm that the Defendant has caused. To ejaculate on one's own children, as the Defendant did, is to violate values that human society has honored throughout our existence. And the Defendant's children—an autistic, toddler-aged boy and an infant-aged girl—are far too young and feeble to even understand the unspeakable acts that the Defendant committed against them.

    But, one day, those children *will* understand. And they—along with the numerous other child victims in this case—will understand that this Court had the occasion to recognize their pain and trauma when it imposed sentence on the Defendant.

    The Government speaks for those victims in recommending a sentence that features an eighty (80)-year term of imprisonment for the Defendant. Such a sentence—equivalent to life imprisonment for the 37-year-old Defendant—is exactly what the United States Sentencing Guidelines call for, and it is a punishment that is sufficient but not greater than necessary to comply with the purposes of sentencing, as set forth in 18 U.S.C. § 3553(a).

I.      **FACTUAL BACKGROUND**

The Final Presentence Investigation Report [ECF No. 55] ("Final PSI") details the facts of this case. Law enforcement first learned about the Defendant after linking him to a Reddit user who, in May 2023, openly discussed sexually abusing his own children in a series of chats. *See* Final PSI ¶¶ 4–7. The same Reddit user (*i.e.*, the Defendant) was also found to have uploaded images of child pornography and visual depictions of child sexual abuse material ("CSAM") that appear to have been artificially created and cartoon-generated. *See id.* ¶¶ 8(a)–(d).

In June 2024, based on the findings set forth above, law enforcement obtained a federal warrant to search the Defendant's residence. *See id.* ¶ 11. The execution of that warrant resulted in the Defendant's arrest and in the seizure of his cell phone. *See id.* ¶ 12. The Defendant waived his *Miranda* rights and spoke to law enforcement at the scene, admitting that he possessed CSAM and showing law enforcement where to find it within hidden repositories inside of his cell phone. *See id.* ¶ 13. But, when law enforcement asked the Defendant whether he had engaged in sexually explicit conduct with his own children, he denied having done so. *See id.* ¶ 14.

That was a lie. Once law enforcement forensically searched the Defendant's cell phone, they found evidence of the Defendant sexually abusing both his children. *See id.* ¶¶ 15–16. More specifically, law enforcement found approximately 35 CSAM images and one video that show that the Defendant sexually abused *both* his toddler-aged son twice *and* his infant-aged daughter twice. *See id.* ¶ 16. In each instance, the Defendant's erect penis made physical contact with his children. *See id.* And, in three of those instances, the Defendant ejaculated onto his children. *See id.* The Government will be prepared to show a sampling of this evidence to the Court at the sentencing hearing.

The Government ultimately brought six charges against the Defendant: four counts of production of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a) & (e) (Counts 1–4); one count of distribution of visual representations of the sexual abuse of children, in violation of 18 U.S.C. § 1466A(a)(2); and one count of possession of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). *See* Third Superseding Indictment [ECF No. 37]. The Defendant pled guilty to all six charges without entering into a plea agreement with the Government. *See* Minutes Entry [ECF No. 47]; *see also* Factual Proffer [ECF No. 48].

Based on the Defendant's admitted conduct, the United States Probation Office calculated a total offense level of 43, *see* Final PSI ¶ 65, and a guideline term of imprisonment of life, *see id*. ¶ 103. Probation also noted that where, as here, "the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively . . . to the extent necessary to produce a combined sentence equal to the total punishment." *See id*. ¶ 104 (citing U.S.S.G. § 5G1.2(d)). Lastly, Probation did not identify any factors that would warrant a departure or variance. *See id*. ¶ 119.

On February 14, 2025, the Defendant nonetheless asked the Court to significantly vary downwards and impose a twenty (20)-year sentence, *see* Defendant's Sentencing Memorandum [ECF No. 62], and filed several letters and photographs in support of that request, *see* Supporting Letters [ECF No. 61]. The Defendant claims that such a sentence is appropriate for four reasons: (1) his history in the community; (2) his lack of prior criminal record; (3) the impact of certain psychiatric conditions that has; (4) the goal of avoiding unwarranted sentencing disparities. *See generally* Defendant's Sentencing Memorandum.

3

**II.     LEGAL STANDARD**

Congress listed the considerations for sentencing courts in 18 U.S.C. § 3553(a).  They include the following: (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) The need for the sentence imposed – (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) The kinds of sentences available; (4) The kinds of sentence and the sentencing range established for the instant offense by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

**III.    SUMMARY OF THE ARGUMENT**

Every factor in § 3553(a), many of which are discussed below, leads to the same conclusion: that the Defendant should be sentenced to a term of incarceration equivalent to life imprisonment.  The sentencing guidelines call for the Court to impose such a sentence by running consecutively the sentences on one or more of the six counts of conviction.  *See* U.S.S.G. § 5G1.2(d).  The Court should impose an eighty (80)-year sentence on the Defendant by ordering consecutive twenty (20)-year terms of imprisonment on Counts 1–4 of the Indictment, with additional sentences on Counts 5 and 6 to run concurrently with that eighty (80)-year term.  The Court should reject outright the Defendant's request for a downward variance to a twenty (20)-year sentence.

IV. **ARGUMENT**

A. **18 U.S.C. § 3553(a)(1): The nature and circumstances of the offense, and the Defendant's history and characteristics.**

It is difficult to explain—let alone, comprehend—the nature and circumstances of the Defendant's crimes and his history and characteristics. The Government attempts to do so here.

For starters, the Defendant repeatedly shattered one of the most sacred bonds that human beings have ever known: the bond between parent and child. The Defendant sexually abused both of his children on multiple occasions, having the wherewithal to photograph or record the sexually explicit conduct in the process. And those photographs and video, though they must be seen to be believed, show the Defendant's blatant sexual abuse. They show the Defendant's erect penis making contact with—and ejaculating onto—his own children's young, frail bodies.

Unsurprisingly, the Eleventh Circuit has routinely affirmed sentences featuring life imprisonment (or the equivalent thereof) for such conduct—even where a defendant accepts responsibility and even where a defendant had previously rendered service to the community. *See, e.g., United States v. Boone*, 97 F.4th 1331, 1342 (11th Cir. 2024) (affirming an 840-month (70-year) sentence for a former military officer who pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a) & (e), with his four-year-old daughter); *United States v. Harding*, 696 F. App'x, 955, 958 (11th Cir. 2017) (affirming the reasonableness of a life sentence for a former police officer who pled guilty to production of child pornography, in violation of 18 U.S.C. 2251(a) & (e), with two step-children). And that is why the Defendant's involvement in the community should not have any significant impact on the sentence in this case. No good deed that the Defendant may have previously committed, and no prior promise that the Defendant may have kept, can outweigh the harm that the Defendant perpetrated against those who needed him most.

The Defendant's history and characteristics are more accurately revealed by his online Reddit activity, where he openly discussed his desires to pillage his own children and other minors. *See* Final PSI ¶ 6 ("What's up? Am I wrong to want to f--k my daughter?"); *see also* Final PSI ¶ 7 ("What I really want to see is my daughter get f—ked."). These gruesome statements that the Defendant made tell the Court in no uncertain terms that the Defendant ended up doing exactly what he said he would do, which he claimed to anyone depraved enough to listen.

What's more, the Defendant's acts against his own children are not the only crimes that he committed in this case. The Defendant compiled thousands of CSAM images and videos that depict other victims in this case, who suffer each and every time those images and videos are viewed. The Defendant also promoted such images and videos and distributed it to others, discussing his unlawful sexual desires in vivid detail with several people and uploading material to Reddit that depicted the rape of small children. *See* Final PSI ¶¶ 8(a)–(d); Final PSI ¶¶ 9–10; *see also New York v. Ferber*, 458 U.S. 747, 759 (1982) (stating that "the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation"); *see also United States v. Pugh*, 515 F.3d 1197, 1197–98 & n.12 (citing extensive congressional findings about the harm caused by child pornography and recognizing that "[i]n light of these detailed findings and numerous legislative enactments, we cannot help but underscore the seriousness of this crime; *see also* Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109–248, § 501(2)(D), 120 Stat. 587, 624 (2006) (codified at 18 U.S.C. § 2251 note) ("Every instance of viewing images of child pornography represents a renewed violation of the privacy of victims and a repetition of their abuse.")

For all the reasons, the Court should impose a sentence equivalent to life imprisonment on the Defendant.

**B.     18 U.S.C. § 3553(a)(2): The need for the sentence imposed to comply with the purposes of sentencing.**

Only a sentence that is equivalent to life imprisonment would achieve the goals of sentencing—that is: reflecting the seriousness of the offense; promoting respect for the law; providing just punishment; affording adequate deterrence to criminal conduct; and protecting the public from further crimes of the Defendant. *See* 18 U.S.C. § 3553(a)(2)(A)–(D). Conversely, varying downwards from the what the sentencing guidelines call for would send precisely the wrong message to society—namely, that those who sexually abuse their own children and fill the stream of commerce with obscene depictions of abuse of infants deserve leniency.

The Eleventh Circuit elaborated on this point in *United States v. Irey*. *See* 612 F.3d 1160, 1206 (11th Cir. 2010). In that case, the Court vacated a sentence featuring a downward variance where the defendant had "raped, sodomized, and sexually tortured fifty or more little girls, some as young as four years of age, on many occasions over a four- or five-year period." *Id*. at 1166. And the Court explained that, "[b]ecause the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be. The seriousness of a crime varies directly with the harm it causes or threatens. It follows that the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *Id*. at 1206. The *Irey* Court then noted that "child sex crimes are among the most egregious and despicable of societal and criminal offenses," *id*. (cleaned up), and referred to the prior affirmance of a 100-year sentence for a defendant who sexually abused a single thirteen-year-old girl, *see id*. (citing *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009)).

The point is this. Because there are extraordinarily few cases, if any, that were founded on conduct more harmful than the Defendant's in this case, this Court's sentence should *exceed* the sentence it imposed in almost every case it has previously seen. The sentence must fit and punish the crime, it must promote respect for the law, and it must protect the values that we hold dear, including parents protecting their own children and keeping them safe. Only a sentence featuring the equivalent of life imprisonment can comply with those critical purposes and deter others from committing these types of crimes. *See, e.g., Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product.").

      **C.**      <u>**18 U.S.C. § 3553(a)(6): Avoiding unwarranted sentencing disparities**</u>**.**

Lastly, a sentence equivalent to life imprisonment would not create any unwarranted sentencing disparities. Such a sentence would fall in line with what the Eleventh Circuit has affirmed as reasonable in several similar cases. *See Boone*, 97 F.4th at 1340–42 (affirming the procedural and substantive reasonableness of an 840-month sentence on charges of producing, distributing, and possessing child pornography); *United States v. Isaac*, 987 F.3d 980, 995–96 (11th Cir. 2021) (affirming the reasonableness of an 80-year sentence on two counts of producing child pornography and one count of possessing child pornography); *United States v. Fox*, 926 F.3d 1275–82 (11th Cir. 2019) (affirming a 30-year sentence for a 60-year-old defendant convicted of one count of production of child pornography); *Sarras*, 575 F.3d at 208 (affirming a 100-year sentence for a defendant whose initial guidelines calculation of life was greater than the statutory maximum).

## V.  CONCLUSION

The Defendant's criminal conduct is beyond nearly any comparison. The victims of that conduct, including his own children, deserve justice that would only come with the imposition of a sentence featuring the equivalent of life imprisonment. The Government asks the Court to impose such a sentence by running consecutively twenty (20)-year sentences on each of Counts 1–4 of the Third Superseding Indictment, with additional sentences on Counts 5–6 to run concurrently. An eighty (80)-year term of imprisonment is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: February 17, 2025          BY:   /s/ Jacob Koffsky
                                 Jacob Koffsky
                                 Assistant United States Attorney
                                 Florida Bar Number: 1018115
                                 99 Northeast 4th Street
                                 Miami, Florida 33132-2111
                                 Tel: 305-961-9386
                                 Jacob.Koffsky@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Jacob Koffsky
Jacob Koffsky
Assistant United States Attorney